DUNCAN, Circuit Judge,
dissenting:
I respectfully dissent from part IV of my colleague’s opinion and the resulting decision to remand. Collins holds that a jury must determine “the quantity of narcotics attributable to each coconspirator by relying on the principles set forth in Pinkerton.” United States v. Collins, 415 F.3d 304, 312. Therefore, by its plain terms, our precedent requires nothing more than a jury determination that a given quantity of drugs was “reasonably foreseeable” to a defendant. To decide otherwise would be to turn our notion of conspiracy, which entails coconspirator liability for reasonably foreseeable acts, on its head. See Pinkerton v. United States, 328 U.S. 640, 647-48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) (noting the “principle” that “the overt act of one partner in crime is attributable to all” where it is “within the scope of the unlawful project”). The notion of attribution in Collins does not require greater proof of individual responsibility for a substantive crime, including an amount of drugs distributed, than does our jurisprudence following Pinkerton. The drugs “attributable” to a defendant are those reasonably foreseeable to him based upon his participation in the conspiracy. See Collins, 415 F.3d at 312 (finding it is the “amount of narcotics attributable to [an individual defendant] ” and not “the amount of narcotics distributed by the entire conspiracy” that is determinant under § 841(b)). Thus, any narcotics that were distributed by the conspiracy but not reasonably foreseeable to an individual defendant — and therefore not, under Pinkerton, properly attributable to him — may not be considered in determining his sentence.
In this case, pursuant to the special verdict form, the jury found that the drug amounts in question were “reasonably foreseeable to Jermal Daniels.” J.A. at 1809. This is all that Collins requires. There is no basis in the record to assume that the jury’s determination was inadequate. I therefore respectfully dissent from the portion of the court’s opinion finding a Collins violation. Because I find no violation, I do not join in the decision to reverse the judgment of the district court and remand on this question.